Although I concurred in this Court's original opinion in this case issued on September 30, 2005, I was troubled by our holding in that opinion. After careful consideration of the State's application for rehearing and the accompanying brief, I must respectfully dissent from the denial of rehearing and from the Court's substituted opinion.
The majority concludes that the State's appeal is due to be dismissed because the State failed to file a notice of appeal with the circuit court following the entry of the court's written order on May 5, 2005, dismissing Count I of Jackie Sue Woodall's indictment. The rationale for this holding is that the State's notice of appeal filed in the circuit court on May 2, 2005, was pre-mature because it was filed before the circuit court entered its written order dismissing Count I of Woodall's indictment.
Upon further consideration of Rule 4, Ala.R.App.P., I believe subsection (a)(4), which applies to all appeals, governs the instant situation. Rule 4(a)(4) provides:
 "A notice of appeal filed after the announcement of a decision or order but before the entry of the judgment or order shall be treated as filed after the entry and on the day thereof."
Contained in the record before this Court is the State's notice of appeal, which states:
 "Notice is hereby given that the State of Alabama appeals to the Alabama Court of Criminal Appeals from the pretrial order of the Circuit Court of the Eighth Judicial Circuit entered in this action on the 2nd day of May 2005."
(C. 41.) Thus, contrary to the majority's conclusion, the record does suggest that some type of hearing was, in fact, held on May 2, 2005, and that a ruling was issued on that date. The circuit court's subsequent order, entered on October 6, 2005, confirms this fact. In my opinion, the State did what is required by the Alabama Rules of Appellate Procedure in order to perfect an appeal. Accordingly, I would grant the State's application for rehearing and address the merits of the State's claim.